IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

EFIONG E. OKON and HELEN J. EKPO,       )
                                        )
            Plaintiffs,                 )       TC-MD 220022G
                                        )
    v.                                  )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )
            Defendant.                  )       **DECISION**

This appeal concerns substantiation of mileage expenses incurred by an Uber driver in

tax years 2017 and 2018.  Plaintiff Efiong Okon appeared *pro se* and testified.  Defendant was

represented by its auditors, Michelle Dilts and Melinda Rainwater, the former of whom testified.

Defendant's Exhibits A to Y were admitted.

## I.  STATEMENT OF FACTS

During the years at issue, Mr. Okon earned money carrying passengers using software

from the ride-hailing company Uber.  He testified that he used his vehicle for both business and

personal purposes.

Mr. Okon received requests for rides on a smartphone using Uber's "Driver app."  Uber

summarizes the process for receiving ride requests as follows:

> "1.  When you're ready to drive, just tap GO.  The app will start looking for
> requests from riders near you.
>
> "2.  You'll see the destination and fare upfront, so you'll know where a trip will
> take you and what you can expect to earn.  If the details look good, tap to accept
> the trip.
>
> "3.  You can navigate to your rider any way you choose.  The Driver app offers
> navigation as an option.

/ / /

"4. Once you've picked up a rider, slide the start trip button. You [word omitted] to their destination any way you or your rider want.

"5. When you reach the destination, slide the complete trip button."

(Ex I at 1–2.)

Mr. Okon did not keep records of his business mileage. Instead, he relied on year-end "tax summaries" provided by Uber. Uber's tax summaries for Mr. Okon were each two pages long and included statements of gross earnings, fees, and net earnings, as well as the following "driving totals":

| Year | Completed Trips | Online Miles |
|------|-----------------|--------------|
| 2017 | 3,621 | 35,184.44 |
| 2018 | 2,281 | 22,132 |

(Exs Q at 1; V at 1.) Each tax summary contains the following explanation: "Online Miles shows all of the miles you drove while online, including off trip miles." (*Id*.) Elsewhere, Uber's printed material explains: "Total online miles includes all the miles you drove waiting for a trip, en-route to a rider, and on a trip." (Ex K.)

Plaintiffs claimed mileage expenses on their 2017 and 2018 returns, which Defendant disallowed at audit. On appeal, Plaintiffs challenge the disallowance of Mr. Okon's "online miles" for each year. Defendant asks the court to uphold its adjustment.

## II. ANALYSIS

The issue in this case is whether Mr. Okon's tax summary documents from Uber, standing alone, satisfy the heightened substantiation requirements of section 274(d) of the federal Internal Revenue Code (IRC). Federal tax provisions apply to this state tax matter because Oregon defines taxable income by reference to the federal tax code, subject to certain

modifications not pertinent here. *See* ORS 316.022(6); 316.048.[1]  Because Plaintiffs seek affirmative relief, they must bear the burden of proof. *See* ORS 305.427.

Ordinary and necessary business expenses are deductible from gross income under IRC section 162(a), but certain expenses are only deductible if rigorous documentation requirements are met. *See* IRC § 274(d).  Those heightened documentation requirements were imposed by Congress to prevent courts from approximating expenses where taxpayers kept insufficient records. *Compare Cohan v. Comm'r*, 39 F2d 540, 543–44 (2d Cir 1930) (holding that where evidence shows some expenses incurred, but not how much, court should approximate because "allow[ing] nothing at all appears to us inconsistent with saying that something was spent") *with* Treas Reg § 1.274-5T(a)(4) (stating section 274(d) limitation on deduction "supersedes the doctrine found in *Cohan v. Commissioner*").  Where IRC section 274(d) applies, no deduction is allowed unless the taxpayer substantiates certain elements "by adequate records or by sufficient evidence corroborating the taxpayer's own statement."  IRC § 274(d).

Among the expenses subject to IRC section 274(d) are those involving "listed property," a category that includes "property used as a means of transportation."  IRC § 280F(4)(A)(ii).[2] Such property includes vehicles, but not any vehicle for which "substantially all" of its use is for transporting unrelated persons or property for hire.  IRC § 280F(4)(A)(ii).  Thus, a vehicle used in a transportation business does not fall under the requirements of IRC section 274(d) if "substantially all" of its use is in that business, but it does if the vehicle is also used for other

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.  The relevant provisions did not change in 2017.

[2] Listed property also includes "any passenger automobile," but that category is inapplicable here because it does not include vehicles used "directly in the trade or business of transporting persons or property for compensation or hire."  *See* IRC § 280F(4)(A)(i), (5)(B)(ii).

purposes. *Nurumbi v. Comm'r*, 121 TCM (CCH) 1582 (2021) (holding Uber driver had not shown substantially all of his vehicles' use was for business).

The elements that must be substantiated under IRC section 274(d) to deduct expenses pertaining to vehicle use are the mileage, date, and business purpose of each use. *See* Treas Reg § 1.274-5T(b)(6). The regulations spell out two paths to accomplishing this. A taxpayer may meet the "adequate records" requirement by keeping a contemporaneous diary or log showing the dates and miles for each use of the vehicle. *See* Treas Reg § 1.274-5T(c)(2)(i). Alternatively, a taxpayer without adequate records may substantiate the elements by other "sufficient evidence"—generally a combination of the taxpayer's detailed statement and other corroborative evidence for each element. Treas Reg § 1.274-5T(c)(3)(i).

In this case, IRC section 274(d) applies because Mr. Okon used his car for both personal and business driving. *See Nurumbi,* 121 TCM (CCH) 1582. Thus, Plaintiffs must do more than show that business expenses were incurred; they must substantiate the date and mileage for each business use of the car. *See* Treas Reg § 1.274-5T(b)(6).

Plaintiffs rely entirely on the two-page "tax summary" documents generated by Uber for each year; they do not present other written evidence of their vehicle usage. Those tax summaries do not meet the "adequate records" requirement because they do not record either the date or the mileage for each use of the vehicle. *See* Treas Reg § 1.274-5T(c)(2)(i). Nor are the tax summaries sufficient to substantiate the vehicle expense in conjunction with Mr. Okon's testimony. *See* Treas Reg § 1.274-5T(c)(3)(i). Neither Mr. Okon's testimony nor the tax summary specifically identifies the date or amount of any use of the vehicle.

It is regrettable that evidence meeting the requirements of IRC section 274(d) was not forthcoming because the tax summaries are strong evidence that Plaintiffs actually incurred

vehicle expenses.  One might have expected Uber to make a document available to drivers listing the specific dates and miles traveled on trips throughout the year; however, Plaintiffs were unable to obtain such a document.  Lacking an Uber-generated record, it was incumbent on Plaintiffs to track the mileage, date, and business purpose of each use of their vehicle.  Because the tax summaries do not substantiate the specific dates and miles of any trips, none of the claimed vehicle expense is deductible.  *See* IRC § 274(d); Treas Reg § 1.274-5T(b)(6).

## III.  CONCLUSION

Plaintiffs have not provided evidence sufficient to substantiate their claimed vehicle expenses under IRC section 274(d).  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this _____ day of March 2023.


_____
POUL F. LUNDGREN
MAGISTRATE


***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on March 14, 2023.***